JOHN F. BRADY *vs.* MATIE C. MESSLER *et al.*

PROVIDENCE—NOVEMBER 13, 1905.

PRESENT: Douglas, C. J., Dubois, Blodgett, and Parkhurst, JJ.

(1) *Necessity of Criminal Complaint Prior to Civil Action.*

Where one is given a check for the specific purpose of transmitting the proceeds to another, and uses the money for his own purpose, he is guilty of larceny under Gen. Laws cap. 279, § 16, and a civil action could not have been maintained against him at the date of the writ (June 11, 1903), be-

cause no complaint had been made under Gen. Laws cap. 233; § 16, then in force.

ASSUMPSIT. Heard on petition of defendants for new trial, and granted.

PARKHURST, J. This is an action of assumpsit for money had and received, and on the other common counts, brought by John A. Brady against Matie C. Messler and George Cooper for the recovery of certain money.

The plaintiff testified that he had an agreement with Mrs. Messler to invest some money for him in something in which she was investing and from which she was making considerable money; that she could not tell him what it was, since it was a family matter; that on the 26th day of October, 1899, George Cooper came to his office, and the plaintiff, supposing that Cooper represented Mrs. Messler, gave Cooper a check for $1,000, payable to Cooper, which sum Cooper was to take to Mrs. Messler for investment by her under said alleged agreement; that Cooper invested the money in stocks on margin and lost it.

Mrs. Messler denied any such agreement; and further denied that she had any connection with this transaction, or any knowledge of this transaction whatsoever, until long after the money had been invested and lost; and testified that it was first brought to her attention that Brady made any claim against her, through a letter written by the plaintiff to the A. C. Messler Co. (of which she was a clerk) in the fall of 1902.

Cooper testified that Brady had an agreement with him, to invest in a stock which he would not disclose to Brady, and that Brady understood that he was going into a speculation, that it was "out and out gamble," and that he took all chances of loss; that Cooper invested Brady's money on margin as agreed; that the stock declined and that he lost the money, losing at the same time considerable money of his own in trying to protect his margins.

A verdict was returned for the plaintiff against both defendants for the full amount paid by the plaintiff to Cooper, with interest.

As to the defendant Matie C. Messler, the court, after full examination of the record, fails to find any evidence that she ever received the proceeds of said check or any part thereof; the plaintiff himself does not know that she received it, but on the contrary introduces in evidence the admission of the defendant George Cooper, made at a former trial, that he received the check, cashed it, and used the money in speculation in stocks, and lost it all; the plaintiff seeks to hold Mrs. Messler liable by reason of some ratification or admission claimed to have been made by her at a later date; but the court does not find evidence of any such ratification or admission. The verdict of the jury, so far as it related to Mrs. Messler, had no evidence to support it.

(1)    As to the defendant George Cooper, if the plaintiff's testimony is true, to the effect that he had no agreement whatever with Cooper, that Cooper was simply a messenger intrusted with the proceeds of the $1,000 check for the specific purpose of transmitting the same to Mrs. Messler, and that Cooper lost all the money in stock speculation; then Cooper was guilty of larceny, under Gen. Laws of R. I. cap. 279, § 16, which reads as follows: "Every officer, agent, clerk or servant or person to whom any money or other property shall be intrusted for any specific purpose, who shall embezzle or fraudulently convert to his own use or shall take or secrete, with intent to embezzle and fraudulently convert to his own use, any money or other property which shall have come into his possession or shall be under his care or charge, by virtue of such employment or for such specific purpose, shall be deemed guilty of larceny, and may be tried, sentenced and punished as for any other larceny."

If this be true, then no civil action could have been commenced against defendant Cooper at the date of the writ in this case (June 11, 1903), because no complaint had been made to any magistrate and no process issued thereon against Cooper, under the provisions of Gen. Laws cap. 233, § 16, then in force.

"SEC. 16.    Whenever any person shall suffer any injury to his person, reputation, or estate, by reason of the commission

of any crime or offence, he may recover his damages for such injury, either in an action of trespass, or in an action of the case, against the offender; but no such action, except as provided in the preceding two sections, shall be commenced for such injury until after complaint has been made to some proper magistrate for such crime or offence, and process issued thereon against the offender, excepting only those cases in which such actions may now be maintained at common law: and whenever any person shall be convicted of larceny, he shall be liable to the owner of the money or articles taken, for twice the value thereof, unless the same be restored, and for the value thereof in case of restoration."

See *Baker* v. *Slater Mill & Power Co.*, 14 R. I. 531; *Arnold* v. *Gaylord*, 16 R. I. 573; *Struthers* v. *Peckham*, 22 R. I. 8.

If, on the other hand, the story told by the defendant Cooper is true, to the effect that he acted as he did upon a full and complete understanding with the plaintiff that the money was to be used in speculation, and that "it was out and out gamble;" that the money was used in buying stock on margin as agreed; that the stock declined and the money was all lost; then defendant Cooper was not liable, because he had done just as he agreed.

Without attempting to decide whether the plaintiff or the defendant Cooper has told the truth (and it is manifest that either one or the other of them has committed perjury; because their stories are entirely inconsistent and relate to matters about which they could not make an honest mistake), it is evident that in either event the plaintiff is not entitled to recover in this suit against the defendant Cooper.

As the foregoing is decisive of the whole case, it is not necessary to pass upon the defendants' exceptions or other grounds urged upon their petition for a new trial.

Defendants' petition for new trial is granted, and the case is remitted to the Superior Court with direction to enter judgment for defendants for costs.

*Burbank & Brown*, for plaintiff.

*John W. Hogan and Philip S. Knauer*, for defendants.